## DAVIS v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2223. Decided Nov 29, 1932

Stanley S. Stewart, Columbus, Kenneth Little, Columbus, and W. H. Meyers, Columbus, for plaintiff in error.

Gilbert Bettman, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, and Donald J. Hoskins, Prosecuting Attorney, Columbus, for defendant in error.

**HORNBECK, J.**

The petition in error asserts several grounds of error but we shall address ourselves to the consideration of the one claim which we believe is controlling of our decision, namely: errors of law occurring at the trial and excepted to at the time by counsel for the plaintiff.

The facts out of which this action arose are that Curtis Davis, on or prior to December 24, 1926, was in the employ of the Columbus Street Railway Company as a conductor on one of its street cars; that on the night of December 24, 1926, some time after midnight, he took his street car into the West Broad Street car barns. Thereafter he left the car barn and started across West Broad Street when he was struck by an automobile and suffered severe injuries. It was the claim of plaintiff that Mr. Davis went into Broad Street to see if a switch was 'set. Defendant denied this and claimed that he was going across the street to get some cigars. The injuries were reported by his attending physician as comminuted fracture of both bones of lower left leg, one inch below joint of knee, with six separate fragments involving articular line of joint. Lacerated face. Sprained neck. Concussion of brain. Contusions. Mr. Davis was taken to a hospital and made a slow recovery. He died on the 14th day of April, 1928, from acute encephalitis or as some of the doctors state, encephalitis lethargica. There is dispute in the medical testimony whether or not there was causal connection between the injury which he received on the night of December 24, 1926, and his death. Plaintiff in Common Pleas Court set up, as one of the averments in her petition, that:

"This plaintiff says, further, that during

his lifetime, the said Curtis Davis filed a claim with this defendant asking for compensation on account of disability suffered by him as a result of the injuries above described, and that this defendant during lifetime of the said Curtis Davis found that the said Curtis Davis was injured in the course of his employment with The Columbus Railway, Power & Light Company, as hereinabove described, and awarded him compensation up to and including the 13th day of September, 1927."

This allegation upon motion was stricken, exceptions noted.

On the rehearing plaintiff offered the testimony of Dale W. Stump, Supervisor of the Department of Claims of the defendant Commission, who testified that he was in charge of the claim files of the department, and though Mr. Stump tendered certified copies of the application of Curtis Davis and proceedings subsequent thereto in case number 4589.

The certified copy of the record if admitted would have disclosed that the application of Curtis Davis was for compensation for injuries from the same accident for which the claimant in the instant action applied for compensation because of the death of Curtis Davis.

Mr. Davis stated in his application:

"Accident happened in following manner: I was the last car in car house, due in at 1:15 A. M. •Had gone to street to see if switch was set for main line when I was hit by auto. Accident happened in front of West Broad Street car house."

The application was signed by Mr. Davis, witnessed by J. B. Mendenhall and was not sworn to. As a part of the application and connected therewith was the certificate of employer which in part stated:

"I have read all the statements contained herein and know the same to be true and correct and am duly authorized to execute this certificate for the employer.
　　　　(Signed) "J. B. Mendenhall, Division,
　　　　　　　Supt. Street Railway,
　　　　　　　Columbus Railway, Power
　　　　　　　and Light Company."

In conjunction with the application there appeared the medical report.

Upon the statements appearing in the application, the certificate of employer and medical testimony the Commission under date of January 21, 1927, made findings of fact as follows: That applicant's injury was sustained in the course of employment, and at the time and in the manner alleged in the application; that applicant's employer was, at the time of injury, a subscriber to the State Insurance Fund; that said injury was not purposely self-inflicted; that prior to the time of filing his claim with this Commission, applicant had not begun a civil action against his employer on account of said injury and compensation was allowed for 15-1/7 weeks by unanimous vote of the Commission. Thereafter, under date February 14, 1927, May 10, 1927, June 23, 1927, August 5, 1927, and September 28, 1927, further compensation was awarded to Curtis Davis and doctors' and nurses' bills ordered paid because of his injury. The last compensation allowed covered a period from August 15, 1927, to September 17, 1927.

It is urged by plaintiff in error that the trial court erred in striking that portion of the petition heretofore quoted and in refusing to admit the record of the Industrial Commission and especially its findings in application No. 4589. The subject matter upon which claimant bases her right to share in the Workmen's Compensation Fund in part is the same as was before the Commission in the application of Curtis Davis for compensation for injuries. There is no dispute in the record that the injury upon which claimant asserts her right in the instant suit is the same injury upon which the Commission made the award to Curtis Davis in his lifetime. It is essential to recovery of plaintiff that she establish as one of the elements of her case that which was determined by the Commission in the Curtis Davis claim, namely, that applicant's injury was sustained in the course of his employment.

Judge Robinson rendering the opinion in **Industrial Commission v Kamrath, 118 Oh St, page 7,** which was a claim by dependent of an injured employe for compensation for his death said:

"Any right which his dependent might have to participate in the fund because of his death necessarily could not accrue during his life; and since the right to participate in the fund is not in any way dependent upon the fault of the employer and is not a right against him, but is wholly dependent upon statutory creation and where created is a lien against the fund the Legislature had the power prior to his death to create a future right which would accrue to his dependent in the event of his

death—notwithstanding the fact that the injury was the cause of the death, the death giving rise to the right."

Sec 1465-68 GC provides, in part:

"Every employe mentioned in §1465-61, GC, who is injured, and the dependents of such who are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted on or after January 1st, 1914, shall be paid such compensation out of the state insurance fund for loss sustained on account of such injury or death as is provided in the case of other injured or killed employes, and shall be entitled to receive such medical, nurse and hospital services and medicines, and such amount of funeral expenses in case of death as provided by §§1465-79 to 1465-87 GC, inclusive."

Though the death gives rise to the right it will be noted that the right in part at least accorded under this section grows out of an injury arising in the course of employment, whether resulting in incapacity of the person injured or his death and the benefits therein provided are to be paid either to the injured man or to his dependents. If the injury does not result in death but in temporary or permanent incapacity to work, the compensation is paid to the workman. If it results in his death, it is paid to his dependents. If the injury first produces incapacity and then results in death the right which the workman had to secure the benefits of the act passes to his dependents. Therefore, the workman and his dependents sustain a relationship analogous to privys, the dependents having successive relationship to the same right, namely, to participate in the insurance fund because of the same injury. The defendant Commission acting under §1465-90 GC made a determination of fact to the effect that the injury upon which the claimant in this case predicated her right to benefits was sustained by the deceased in the course of his employment. Having so found, the foregoing section provides:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final."

It is true that, by the provisions of §1465-86 GC the powers and jurisdiction of the board over each case shall be continuing and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. State ex Crawford, Exr. v Industrial Commission, 110 Oh St, 271. But in this case there had been no attempt to modify the award made to the deceased in his lifetime and the finding of the jurisdictional fact under consideration here.

The defendant Commission is not a court but an administrative body. State ex Crawford, Exr., supra, and its awards do not take on the full character of judgments. Otherwise the award in this case would be "res adjudicata" on the only issue under consideration. But the Supreme Court has invoked the doctrine of estoppel against the Commission in Industrial Commsision v Smith, 110 Oh St, 665, where it was held that: "Having entered upon and held a rehearing, the Commission will not be heard to say that a rehearing was not granted." The commission having said that the injury upon which the plaintiff predicates her action was sustained in the course of Mr. Davis' employment should not be heard to deny its effect altogether in the manner attempted in this case.

It is the intent of §1465-90 GC that, upon rehearing of a claim which has been denied by the Commission, all proper evidence bearing on any jurisdictional question shall be before the Commission and become the basis of its determination. If appeal is prosecuted, the court and jury sitting in the appeal have before them all of the facts upon which the Commission acted. In the instant case the Commission made its finding, orders and award to Mr. Davis in his lifetime on his unsworn application the certificate of his employer and the medical statement. Having thus made the award to him no rehearing on his application was proper.

The Industrial Commission act in its terms and by every decision announced by the courts wherein it has been construed requires a liberal interpretation to accomplish its beneficient purposes. Curtis Davis, in his lifetime, established to the satisfaction of the Commission that the injury upon which his wife, the plaintiff claims, arose in the course of his employment. Unless his statement and those of his employer can be accepted as evidence the plaintiff is without any support as to a vital fact in her case.

The Commission then considered as tes-

timony the statement of the applicant, Mr. Davis, on a substantive fact without formality of an oath and also the certificate of his employer without such formality.

Upon technical interpretation of the law on rehearings, §1465-90 GC, the statement of Mr. Davis was not in proper form to be admitted as evidence. But the Commission under §1465-91 GC is,

"Not bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of his act. * * *"

The Commission acting under authority of this section (§1465-91 GC) and having accepted the statements as having probative effect, we do not believe that it should be heard now to say that the evidence should not be entertained by it on the rehearing of the instant application if the testimony would be otherwise competent.

We have at no time doubted the admissibility of the findings of the Commission in connection with the application of Curtis Davis for compensation for injury and proceedings subsequent thereto. Our only doubt is as to the effect in law that should be accorded this evidence and our discussion heretofore illustrates the difficulty of the question. Should the award estop the Commission altogether from denying the truth of the finding of one of the substantive facts involved in this case, should the Commission before denying the effect of its findings plead misrepresentation or fraud on the part of Curtis Davis inducing its findings, or should the application and supporting statements together with the findings of the Commission be thrown into the scales as evidence.

In the case of **Industrial Commission of Ohio v Iva Miller et, No. 2058 (Unreported) Franklin County decided July 8, 1931, (10 Abs 731),** an action by a dependent on a death claim, this court said:

"Respecting the first claim it may be gleaned from the record, although not in the form of the best evidence, which would have been the records of defendant, that the Commission, soon after August 19, 1926, the date of the alleged injury, made an award to Miller as a basis of which it was necessary to find that he was injured in the course of his employment, and that such injury was compensable. This, in our judgment, is effective to bar the commission from questioning the claim that Miller was injured in the course of his employment, unless fraud was interposed as a defense, which was not alleged and does not appar."

It is not unusual that an employe may be injured and no one other than himself know how the injury was brought about. Why, then should not the determination of the commission of any jurisdictional fact be available against it upon a subsequent action wherein the same question is involved? The finding of the Commission should be determinative of questions before it at that time and should not thereafter be lightly set aside.

The opinion in the Miller case just quoted was probably obiter although it represented our judgment of the law of the case at that time. Without any direct authority to guide us, we have concluded that it would probably be the safer rule and surely the most favorable that the Commission should claim to hold that the evidence tendered by the plaintiff in error on the rehearing consisting of the application of Curtis Davis and the proceedings subsequent thereto including the findings of the Commission should be admitted on rehearing and in the trial of the cause as evidence upon one of the necessary elements incumbent upon the plaintiff to prove to establish her case.

The Commission can not be heard to object to the character of the evidence because it had theretofore accepted and acted upon it.

We, therefore, are of the opinion that the trial court erred, in its refusal to admit the application of Curtis Davis to the Commission, its findings and award thereon and its subsequent allowances of compensation and expenses to Curtis Davis. This was competent evidence that the injury which he suffered December 24, 1926, was sustained in the course of his employment and at the time and in the manner alleged in his application. There was then left for the jury the question whether or not there was causal connection between his injury and his death.

The judgment of the trial court will, therefore, be reversed and cause remanded for a new trial.

ALLREAD, PJ, and KUNKLE, J, concur.